Filed 6/17/25  In re E.S. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re E.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B335765 (Super. Ct. No. EL0510A) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>E.S.,<br><br>    Defendant and Appellant. | |

E.S. appeals after the juvenile court ordered home probation with terms and conditions based on a finding appellant violated Penal Code section 29610, subdivision (a) (possession of a handgun by a minor).  Appellant contends there was insufficient evidence he possessed the handgun.  We will affirm.

# FACTUAL BACKGROUND

At around midnight one evening, three uniformed Los Angeles Police Department officers conducted a traffic stop of an SUV that was impeding traffic. As the officers approached in their marked police vehicle, a group of young men standing around the SUV appeared startled, clutched their waistbands, and rapidly entered the SUV. Officer Ferdy Cordero, the sole testifying witness, believed their behavior indicated concealment of contraband.

The officers approached the SUV on foot, ordered the passenger compartment's five occupants out, and patted each down. In patting down the rear middle passenger, an officer found a semiautomatic handgun with no magazine. Under the rear passenger seat just to the right of the middle seat, Officer Cordero found a magazine matching that firearm. The magazine contained three live rounds.

After finding the magazine, Officer Cordero heard a rustling noise coming from the trunk. He illuminated the back of the trunk with his flashlight and saw appellant. Appellant was lying down in the trunk with his head towards the passenger's side and his feet—propped up on a basketball—towards the driver's side.

There was sporting equipment, laundry detergent, bags, and clothing in the cluttered trunk. Not every area of the trunk floor was covered with items. On the passenger's side of the trunk underneath clothing, Officer Cordero found a semiautomatic handgun loaded with five live rounds. The gun was within arm's reach of the area where Officer Cordero found appellant. No contraband was found on appellant's person.

DISCUSSION

Appellant contends there was insufficient evidence he possessed the handgun.  We disagree.

"Our task is clear.  'On appeal we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*People v. Cravens* (2012) 53 Cal.4th 500, 507.)  "Where the circumstances reasonably justify the trier of fact's findings, a reviewing court's conclusion the circumstances might also reasonably be reconciled with a contrary finding does not warrant the judgment's reversal." (*People v. Zamudio* (2008) 43 Cal.4th 327, 358 (*Zamudio*).)  "[A]ppellant has a heavy burden in demonstrating that the evidence does not support the juvenile court findings." (*In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1136.)

"Possession may be actual or constructive." (*In re Charles G.* (2017) 14 Cal.App.5th 945, 951.)  "It is 'constructive' if the minor "knowingly exercise[s] a right to control the [firearm], either directly or through another person."'" (*In re I.A.* (2020) 48 Cal.App.5th 767, 778.)  ""[D]ominion and control are essentials of possession, and they cannot be inferred from mere presence or access."'" (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728.)  Nor is "'mere proximity'" sufficient evidence by itself. (*People v. Bay* (2019) 40 Cal.App.5th 126, 132 (*Bay*).)  ""Something more must be shown . . . ,"'" though ""the necessary additional circumstances may, in some fact contexts, be rather slight."'" (*Anthony J.*, at p. 728.)

3

The record contains substantial evidence of constructive possession.  Although appellant's proximity to the firearm was the strongest evidence of possession, it was not the only evidence.  Appellant also remained unannounced in the trunk while police removed five occupants from the SUV and began searching it.  Appellant's covert presence in this unusual location permitted the rational inference that he was aware of his illegal conduct and sought to evade police detection.  (See *Bay*, *supra*, 40 Cal.App.5th at p. 133 ["[I]n 'cases where the sufficiency of the evidence might otherwise have been doubtful,' courts have found the evidence 'strengthened by a showing of consciousness of guilt'"].)  Even if appellant's behavior was also reasonably susceptible to innocent explanations—for example, that he was in the trunk due to seating constraints and remained quiet out of general fear—reversal would still be unwarranted under the governing standard.  (See *Zamudio*, *supra*, 43 Cal.4th at p. 358.)

DISPOSITION

The juvenile court's sustaining of the petition and subsequent disposition order are affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

4

Christina L. Hill, Judge
Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Chelsea Zaragoza, Deputy Attorney General, for Plaintiff and Respondent.